UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ANITA JAMES,

     Plaintiff,

vs.                                             Case No. 3:08-cv-689-J-HTS[1]

MICHAEL ASTRUE,
Commissioner of
Social Security,

     Defendant.
_____

## OPINION AND ORDER[2]

### I. Status

Anita Johnson James is appealing the Social Security Administration's denial of her claim for Disability Insurance Benefits and Supplemental Security Income. Her alleged inability to work is based on having "one kidney[ and] manic depressive" disorder. Transcript of Administrative Proceedings (Tr.) at 128 (capitalization and emphasis omitted). Ms. James was ultimately found disabled by Administrative Law Judge (ALJ) Teresa J.

---

    [1]    The parties have consented to the exercise of jurisdiction by a United States Magistrate Judge. Notice, Consent, and Order of Reference - Exercise of Jurisdiction by a United States Magistrate Judge (Doc. #17).

    [2]    Pursuant to § 205(a)(5) of the E-Government Act of 2002, this Order is available electronically. It is not otherwise intended for publication or to serve as precedent.

Davenport on November 13, 2007, but only for the period of September 8, 2004, through January 12, 2006. *Id.* at 16, 27. Claimant has exhausted the available administrative remedies and the case is properly before the Court. On appeal, Plaintiff raises a variety of interrelated arguments pertaining to "the time periods 12/1/01 through 9/7/04 and 1/1[3]/06 through 11/13/07" (Relevant Periods). Memorandum in Support of Plaintiff's Appeal of the Commissioner's Decision (Doc. #14; Memorandum) at 13.

## II. Legal Standard

This Court reviews the Commissioner's final decision as to disability[3] pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). Whereas no special deference is accorded the application of legal principles, findings of fact "are conclusive if supported by substantial evidence[.]" *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1260 (11th Cir. 2007) (internal quotation marks omitted); *see also Abioro v. Astrue,* 296 F. App'x 866, 867 (11th Cir. 2008) (per curiam); *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001) (quoting *Falge v. Apfel*, 150 F.3d 1320, 1322 (11th

---

[3] "Disability" is defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A); *see* 42 U.S.C. § 1382c(a)(3)(A). An ALJ must follow the five-step sequential inquiry described in 20 C.F.R. §§ 404.1520, 416.920, determining as appropriate whether the claimant 1) is currently employed; 2) has a severe impairment; 3) is disabled due to an impairment meeting or equaling one listed in the regulations; 4) can perform past work; and 5) retains the ability to perform any work in the national economy. *See also Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004).

Cir. 1998)). Substantial evidence has been defined as "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Falge*, 150 F.3d at 1322 (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)); *see also Ingram*, 496 F.3d at 1260. Despite the existence of support in the record, the ALJ's determination may not be insulated from remand where there is a "failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted[.]" *Ingram*, 496 F.3d at 1260 (internal quotation marks omitted); *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994).

### III.  Discussion

**A.  Unclear Decision**

Plaintiff argues "the decision of the ALJ is not entirely clear as it pertains to [her] drug use." Memorandum at 14. It is contended the judge's "decision is inherently inconsistent and fails to allow for meaningful review by Ms. James or this court." *Id.* Claimant asks that her case be remanded with instructions for the judge to "(1) clearly explain whether she determined that Ms. James was actually disabled during this time period; (2) if she was disabled, [state] the basis of the disability (i.e., did she me[e]t a specific Listed impairment or did her residual functional capacity not allow for the performance of work) and[,]" finally, to

"(3) proceed with a proper analysis of these findings[.]" *Id.* at 16 (internal quotation marks omitted).

The Contract with America Advancement Act of 1996 (CAAA) amended 42 U.S.C. § 423(d)(2)(C), which now states "[a]n individual shall not be considered to be disabled for purposes of this subchapter if alcoholism or drug addiction would (but for this subparagraph) be a contributing factor material to the Commissioner's determination that the individual is disabled." *Cf. Black v. Astrue*, Civil Action No. 3:08cv755-TFM, 2009 WL 2359468, at *5 (M.D. Ala. July 30, 2009) ("This section requires an ALJ [to] find whether alcoholism or drug addiction was a contributing factor material to a disability finding. If these factors are material[ a claimant] is not eligible for benefits." (internal quotation marks omitted)). In the instant case, the judge believed that, "[i]f the claimant stopped the substance use," Tr. at 20 (emphasis omitted), she would not be disabled. Though perhaps referring only to mental status, she wrote that drug cessation would leave "limitations [that] would cause no more than a minimal impact on the claimant's ability to perform basic work activities[.]" *Id.* (emphasis omitted). Apparently for this reason she did not perceive the necessity of continuing the analysis in regard to whether Plaintiff would be disabled, drug use included, during the Relevant Period. Although the ALJ offered a suggestive finding

that "the claimant's mental impairments do not meet listings 12.04 and 12.09 due to the use of cocaine[,]" *id.; see also id.* at 19, the Commissioner disclaims the possibility she found a listing was met when not factoring out drug usage. *See* Memorandum in Support of the Commissioner's Decision (Doc. #19; Opposition) at 10 (taking the position "the ALJ made . . . clear" that "[e]ven while abusing cocaine, Plaintiff's condition did not satisfy the 'paragraph B' criteria of Listings 12.04 and 12.09"). The judge's residual functional capacity assessment for the Relevant Period was phrased hypothetically, as the abilities that would be present "if the claimant stopped the substance use." Tr. at 23 (emphasis omitted). Likewise conditioned was the determination Ms. James could return to her past relevant work. *See id.* at 25.

Defendant asserts "the [CAAA did] not require" the ALJ "to complete the sequential disability evaluation . . . after finding Plaintiff would have no more than minimal mental limitations if she did not abuse crack cocaine." Opposition at 11 (citation to record omitted). Nevertheless, legal authority declares an "ALJ must first reach the determination regarding the claimant's disability using the standard five-step approach . . . without segregating out any effects that might be due to substance use disorders." *Mathious v. Barnhart*, 490 F. Supp. 2d 833, 849-50 (E.D. Mich. 2007); *cf. Doughty*, 245 F.3d at 1279 ("The regulations implementing

§ 423(d)(2)(C) provide that *once* the Commissioner determines a claimant to be disabled and finds medical evidence of drug addiction or alcoholism, the Commissioner *then* must determine whether drug addiction or alcoholism is a contributing factor material to the determination of disability." (emphasis added; internal quotation marks and ellipsis omitted); *Riley v. Astrue*, Civil Action No. 08-00029-B, 2009 WL 1357385, at *14 (S.D. Ala. May 14, 2009) ("In other words, the ALJ must base th[e] initial disability determination [applying the five-step sequential procedure] on substantial evidence of medical limitations without deductions for the assumed effects of use disorders. The inquiry here concerns strictly symptoms, not causes[,] such that if the gross total of a claimant's limitations, including the effects of substance use disorders, suffices to show disability, then the ALJ must next consider which limitations would remain when the effects of substance use disorders are absent." (citation, internal quotation marks, and alteration omitted)). As the judge did not complete the sequence for the Relevant Period, her conclusion "is premature to an initial finding on the question of whether plaintiff would be disabled on the evidence without deductions for the assumed effects of substance use disorders." *Mathious*, 490 F. Supp. 2d at 850 (internal quotation marks omitted). Accordingly,

this case will be remanded with instructions for the ALJ to continue with the evaluation as required.

   **B. Severe Impairment**

Ms. James also takes issue with the ALJ's "determin[ation] that, absent her substance use, [she] did not have a severe mental impairment." Memorandum at 17.

"At the second step . . . medical evidence alone is evaluated in order to assess the effects of the impairment(s) on ability to do basic work activities." Social Security Ruling (SSR) 85-28. The regulations provide:

> (b) *Basic Work Activities*. When we talk about basic work activities, we mean the abilities and aptitudes necessary to do most jobs. Examples of these include–
> (1) Physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling;
> (2) Capacities for seeing, hearing, and speaking;
> (3) Understanding, carrying out, and remembering simple instructions;
> (4) Use of judgment;
> (5) Responding appropriately to supervision, co-workers and usual work situations; and
> (6) Dealing with changes in a routine work setting.

20 C.F.R. §§ 404.1521(b), 416.921(b).

The step two burden of proof is a threshold inquiry described as minimal. *See, e.g., Bridges v. Bowen,* 815 F.2d 622, 625 (11th Cir. 1987) (per curiam); *Brady v. Heckler,* 724 F.2d 914, 920 (11th Cir. 1984) (per curiam); *Giltner v. Astrue*, No. 06-131-B-W, 2007 WL 2021916, at *2 (D. Me. July 11, 2007) (report and recommendation of

magistrate judge), *accepted by Giltner v. Astrue*, Civil No. 06-131-B-W, 2007 WL 2253426, at *1 (D. Me. July 31, 2007); *cf. Natale v. Comm'r of Soc. Sec.*, No. 6:07-cv-18-Orl-31DAB, 2008 WL 227957, at *4 (M.D. Fla. Jan. 25, 2008) (referring to "the light burden of establishing severity at step two"). The claimant's burden at this stage has been defined as follows: "'[A]n impairment can be considered as not severe only if it is a slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education, or work experience.'" *Bridges,* 815 F.2d at 625 (quoting *Brady*, 724 F.2d at 920) (alteration in original); *see also Ogranaja v. Comm'r of Soc. Sec.*, 186 F. App'x 848, 849 (11th Cir. 2006) (per curiam).

Plaintiff complains the ALJ erroneously "determined that [her] major depression (and/or any other mental impairment) is only slight and has only a minimal effect on her ability to work and thus need not be considered a severe impairment at Step two of the sequential evaluation process." Memorandum at 17 (footnote and internal quotation marks omitted). The ALJ found several severe impairments to be present, including major depression. *See* Tr. at 19. However, as discussed above, she also found that, "[i]f the claimant stopped the substance use, [she] would have no severe

mental impairment[,]" *id.* at 20 (emphasis omitted), and did not complete the sequential evaluation process.

The Commissioner maintains "Plaintiff did not prove that, absent her drug abuse, she had a severe mental impairment." Opposition at 5. Rather than describing a period during which Ms. James was free from significant symptoms, Defendant emphasizes "the record provides ample evidence of Plaintiff's ongoing drug use." *Id.*

The ALJ acknowledged "George N. Maida, Ph.D., diagnosed the claimant with a bipolar disorder, a history of cocaine dependence, in remission, and an anxiety disorder on March 6, 2007." Tr. at 20; *cf. id.* at 511. Still, the judge was "unable to accept the specific findings and opinions of Dr. Maida, as the claimant downplayed her crack cocaine usage since 2004 during the examination." *Id.* at 20. She "specifically disagree[d] with Dr. Maida that the claimant's cocaine abuse did not appear to contribute to her occupational difficulties as he also stated that it is conventional wisdom that any use of a[n] intoxicating substance exacerbates psychological difficulties." *Id.* (internal quotation marks omitted).

How the doctor's restatement of conventional wisdom can serve as the reason for rejecting his opinion about whether Plaintiff's

particular case constituted an exception is far from apparent.[4] Additionally, the judge failed to explain what she meant with regard to Claimant's alleged downplaying of "her crack cocaine usage since 2004[.]" *Id.* Doctor Maida reported Plaintiff admitted that, subsequent to entering a rehabilitation program in 2004, "she ha[d] smoked crack for five to six intervals-for a week or less[.]" *Id.* at 512. This information is remarkably similar to Ms. James's testimony as summarized by the judge, *see id.* at 20, not explicitly rejected, and even relied upon at one point. *See id.* at 21 (determining "the claimant's own testimony . . . indicate[s] that [her] condition is much improved when she is not abusing crack cocaine or other illegal substances"); *cf.* Memorandum at 22 ("[T]he ALJ's own recitation of testimony that she apparently found credible is entirely consistent with the report of Dr. Maida[.]").

---

[4] It is noted the ALJ did not address Dr. Maida's indication the psychological difficulties pre-existed the drug dependence, to which the examiner attached great significance. The psychologist opined "[i]t is extremely noteworthy [Claimant] did not begin to use crack cocaine until 1994 when her disability benefits were discontinued. This leads one to suspect that the stress of attempting employment and of attempting to cope with social interaction greatly exacerbated Ms. James['s] stress level[.]" *Id.* at 512. In Plaintiff's

> case, her psychological difficulties appear to have contributed to her cocaine abuse rather than vice versa. The most reasonable conclusion to be reached from Ms. James['s] history is that she has a Personality Disorder which has always interfered with consistent employment, and that her Depression and Anxiety are components of her Personality Disorder, or a result of the many occupational and relationship failures caused by her Personality Disorder. Her cocaine dependence was merely one of several dysfunctional means she used in attempting to manage the stresses caused by her psychiatric disorders.

*Id.*

The Commissioner's invitation to discredit this testimony in the first instance will not be accepted.

Concerning the opinions from Dr. Eugene J. Rankin, the judge recognized he "summarized that the claimant was a person with a longstanding history of depression and problems with impulse control[,]" problems which are "worsened by her crack cocaine abuse."  Tr. at 21.  She gave "great weight" to Dr. Rankin's opinion "that, even with the crack cocaine abuse, the claimant had no limitations with her activities of daily living or concentration, persistence or pace."  *Id.* (citation to record omitted).  No analysis was presented, on the other hand, of this psychologist's description of Claimant's difficulties as "chronic," *id.* at 212, and "longstanding[,]" *id.* at 211, merely made "worse [by] her more recent history of substance abuse[.]"  *Id.*  Whereas Ms. James might ultimately be unable to establish disability in the absence of a material contribution from drugs, the judge's explanation that Plaintiff's mental condition(s) would not otherwise "cause . . . more than a minimal impact on [her] ability to perform basic work activities[,]" *id.* at 20 (emphasis omitted), even if not premature, would be deemed insufficient.  Thus, if on remand it is determined Plaintiff was disabled during the Relevant Period, the ALJ should reconsider whether she suffers from a severe mental impairment even in the absence of drug usage.

**C. Credibility**

Claimant argues the judge "fail[ed] to make a credibility determination regarding [her] testimony . . . as to the symptoms and limitations stemming from her mental impairments[.]" Memorandum at 24.

The regulations recognize "[p]ain or other symptoms may cause a limitation of function beyond that which can be determined on the basis of the anatomical, physiological or psychological abnormalities considered alone[.]" 20 C.F.R. §§ 404.1545(e), 416.945(e); *see also Marbury v. Sullivan*, 957 F.2d 837, 839 (11th Cir. 1992) (per curiam). The standard in the Eleventh Circuit for evaluating the Commissioner's treatment of pain testimony has been articulated as follows:

> The [Commissioner] must consider a claimant's subjective testimony of pain if she finds evidence of an underlying medical condition, and either (1) objective medical evidence to confirm the severity of the alleged pain arising from that condition, or (2) that the objectively determined medical condition is of a severity that can reasonably be expected to give rise to the alleged pain.

*Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (per curiam); *see also Russell v. Astrue*, 331 F. App'x 678, 682 (11th Cir. 2009) (per curiam); *Eckert v. Comm'r of Soc. Sec.*, 152 F. App'x 784, 790 (11th Cir. 2005) (per curiam); SSR 96-7p (outlining how subjective complaints are to be evaluated). "A claimant's subjective testimony supported by medical evidence that satisfies the pain

standard is itself sufficient to support a finding of disability." *Foote*, 67 F.3d at 1561; *see also Russell*, 331 F. App'x 678 at 682.

The ALJ seemingly agrees with Plaintiff, *see* Memorandum at 24, that the pain standard is applicable to the circumstances. *See* Tr. at 24 ("[O]nce an underlying . . . mental impairment(s) that could reasonably be expected to produce the claimant's pain or other symptoms has been shown, . . . ."). After further explaining the pain standard, the judge found "that the claimant's medically determinable impairments could reasonably be expected to produce the alleged symptoms, but that the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible prior to September 8, 2004 and beginning on January 13, 2006." *Id.* Her ensuing discussion, however, omits any reference to mental impairments or Ms. James's testimony thereon, and so the finding quoted above has not been made clearly applicable thereto. On remand, the judge should be sure to evaluate Plaintiff's testimony concerning the limitations attributable to her mental impairment(s).

## IV. Conclusion

In accordance with the foregoing, the Clerk of the Court is directed to enter a judgment pursuant to sentence four of 42 U.S.C. § 405(g), and as incorporated by 42 U.S.C. § 1383(c)(3), **REVERSING** the Commissioner's decision and remanding this matter with

instructions to 1) continue with the sequential evaluation process for the time periods of December 1, 2001, through September 7, 2004, and January 13, 2006, through November 13, 2007, before excluding any effects attributed to substance use disorders; 2) if it is determined Plaintiff was disabled during the Relevant Period, consider whether drug addiction is a contributing factor material to the finding of disability, including reconsideration of whether her mental condition(s), in the absence of drug usage, should be deemed severe; 3) explicitly and adequately evaluate Claimant's testimony about the limitations caused by her mental impairment(s); and 4) conduct any further proceedings considered necessary.

**DONE AND ORDERED** at Jacksonville, Florida, this 17th day of December, 2009.

/s/ Howard T. Snyder
HOWARD T. SNYDER
UNITED STATES MAGISTRATE JUDGE


Copies to:

Counsel of record
    and pro se parties, if any